IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF
TENNESSEE
EASTERN DISTRICT

| | |
|---|---|
| MELANIE NIXON, individually and<br>as parent and next friend of the<br>minor child, A.N.<br><br><br><br><br>     Plaintiffs.<br>v.<br>HARDIN COUNTY BOARD OF EDUCATION;<br>JOHN THOMAS, Director of Schools;<br>STEPHEN HAFFLY, Principal of<br>Hardin County Middle School; and<br>STACEY STRICKLIN, Assistant<br>Principal of Hardin County Middle School, all<br>in their official and individual capacities.<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

COME NOW the Plaintiffs, Melanie Nixon, individually and as parent and next friend of

the minor child, A.N., by and through their attorneys, and for their Complaint against Hardin

County Board of Education; John Thomas, Director of Schools; Stephen Haffly, Principal of

Hardin County Middle School; and Stacey Stricklin, Assistant Principal of Hardin County

Middle School, all in their official and individual capacities, and would state as follows:

### I. PARTIES, JURISDICTION AND VENUE

1.    At all times pertinent herein, A.N. is a fourteen year old child and has been an

eighth grade student at Hardin County Middle School in the Hardin County

School System. A.N. resides with her mother, Melanie Nixon, in Pickwick,

Tennessee, 38365.

2.    Melanie Nixon is the mother of A.N. and brings this action individually, and as parent and next friend of the minor child, A.N. Ms. Nixon resides at 70 Light Pointe, Pickwick, Tennessee 38372.

3.    Hardin County Board of Education is a governmental entity and operates the public schools in Hardin County, Tennessee with its principle place of business at 1170 Pickwick Street South, Savannah, Tennessee 38372.

4.    At all times relevant herein, Defendant John Thomas served as the Director of Schools for the Hardin County Board of Education. Mr. Thomas has, at all times herein, acted under color of state law and in that capacity is responsible, *inter alia,* to ensure that the school district and its officials act in conformity with the United States Constitution, federal and state law. Defendant Thomas is sued in both his individual and official capacities. Defendant Thomas can be served at 1170 Pickwick Street South, Savannah, Tennessee 38372.

5.    At all times relevant herein, Defendant, Stephen Haffly, served as the principal of the Hardin County Middle School and acted as an agent, employee and representative of the Hardin County School Board. Defendant Haffly has, at all times herein, acted under color of state law in that capacity. Defendant Haffly is obliged to comply with the United States Constitution, federal and state law. Defendant Haffly is sued in both his individual and official capacities and can be served at 299 Lacefield Drive, Savannah, Tennessee 38372.

6.    At all times relevant herein, Defendant, Stacey Stricklin, served as assistant principal of the Hardin County Middle School and acted as an agent, employee

and representative of the Hardin County School Board. Defendant Stricklin has, at all times herein mentioned, acted under color of state law in that capacity. Defendant Stricklin is obligated to act in conformity with the United States Constitution, federal and state law. Defendant Stricklin is sued in both his individual and official capacities. Defendant Stricklin can be served at 299 Lacefield Drive, Savannah, Tennessee 38372.

7.   This action seeks to vindicate A.N.'s and her mother's constitutional rights protected by the First and Fourteenth Amendments to the United States Constitution and the Tennessee Constitution. Plaintiff's causes of action and the remedies sought to arise under 42U.S.C. § 1983. The Court has jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331(a), 1343(a) (3) and (4).

8.   Plaintiffs also seek damages for common law negligence, false imprisonment, malicious harassment, civil conspiracy, and intentional infliction of emotional distress.

9.   Plaintiffs' state claims arise from the nucleus of operative facts common with their federal constitutional claims. Therefore, this court has supplemental jurisdiction as to the pendent state claims pursuant to 28 U.S.C. §1367.

10.  Venue is appropriate in this district as the Defendants' wrongful actions took place and the claims herein arose within this district, and Defendants either reside in or provide educational services in this district.

## II. PREDICATE FACTS

11.  At all times pertinent herein, A.N., as a citizen and student in Hardin County Middle School, had the rights of free speech, privacy, and to not have her right to

a  free and equal education under the Constitutions of the United States and the State of Tennessee taken from her without due process of law.

12.    The actions of the Defendants, acting in concert under color of state law, violated A.N.'s rights of free speech, privacy and due process when Defendants falsely accused A.N. of and punished her for making a "death threat".

13.     A.N. has attended Hardin County Middle School for two years. She is an excellent student, on the honor role, and has no past negative disciplinary history in the Hardin County school district.

14.    A.N. is the co-captain of the Hardin County Middle School Cheerleading Squad and a member of the National Honor Society.

15.    K.N., a minor, is a student at Hardin County Middle School. Her mother, Wendi Nix, is a seventh grade teacher at Hardin County Middle School, and reports directly to Principal Stephen Haffly and Assistant Principal Stricklin.

16.    K.N., L.S., another minor student and the minor Plaintiff, A.N., had a history of traditional childish rivalries, bickering, gossiping and competing over the same boyfriends.

17.    K.N. and Wendi Nix have strong social ties with Assistant Principal Stricklin and his minor daughter, C.S.

18.    In 2011, A.N. reported that the rivalry between K.N. and her had escalated to bullying by K.N. A.N. sought help from the Hardin County Middle School guidance counselor and administration, but no investigation was conducted and no corrective actions were taken. The guidance counselor was dismissive of A.N.'s complaint and informed A.N. that K.N. "had a right to free speech."

19.     On or about Tuesday, October 18, 2011 at approximately 6:00 pm, K.N., the alleged victim in this action, called L.S., another eighth grade student at Hardin County Middle School, from L.S.'s boyfriend's phone to taunt L.S.

20.     On or about Tuesday, October 18,2011 at approximately 6:30 pm, after school hours and not on school property, L.S. posted in an internet social forum, "Twitter," as a joke to her boyfriend, the commonly-used teenage slang "I'm gonna shoot her in the face ... :)."

21.     ":)" is a series of symbols representing a smile on many electronic social network websites, indicating humor or joking.

22.     L.S.'s online post, made at 6:30 pm, was directed at a specific individual, her boyfriend, and did not mention any student or person by name.

23.     L.S.'s post was obviously used as a joke, since she ended her post with the commonly-used ":)" to signify "just kidding."

24.     K.N. does not use Twitter and had no access to L.S.'s post online.

25.     A.N. also uses "Twitter" as an entertainment social networking website.

26.     On or about October 18, 2011, at approximately 6:45pm, after school hours and not on school property, A.N. responded to the online post made by L.S. A.N. posted a response of,  "I'll help you!!" and made reference to a playful poem that references a girl stealing another girl's boyfriend. The post and poem do not include any mention of violence.

27.     A.N. ended her post with the three symbols that signify jest and "just kidding."

28.     A.N.'s post does not mention any person or individual by name and was not directed at K.N.

29.    A.N.'s social page was set to a setting of private, and could only be seen by specific people  given permission by A.N. to view her online profile.

30.    K.N. does not use Twitter, does not have access to A.N.'s page, and would not be able to view any of A.N.' s posts since the page has a privacy setting.

31.    On or about October 18, 2011 at approximately 7:00 pm, after school hours and not on school property, the boyfriend of L.S. directly responded to the online posts, and jokingly posted, "Haha it does, I love that poem!"

32.    It was *primo facie* obvious that the posts were made in jest, to a playful, funny poem, not addressed to K.N. and were not to be taken as a threat.

33.    No post mentioned any student or person by name.

34.    K.N. does not use twitter or have permitted access to any page involved herein.

35.    A.N. did not use any school computers or resources to use Twitter or post messages to her preapproved list of authorized viewers, which did not include the alleged victim.

36.    The boyfriend, although he was directly involved and responded to the posts, was not investigated nor punished for his actions by the Hardin Middle School administration or Hardin County Board of Education.

37.    Upon information and belief, there were no references to the online posts at Hardin County Middle School for two days after the posts were made.

38.    Upon information and belief, there were no school disruptions based on or referencing the online posts at the Hardin County Middle School for two days after the posts were made.

39.    A.N. never brought a printout of the of the posts to school, nor did she ever access

them using a school computer.

40.   On Friday, October 21, 2011, approximately three days after the posts were made,
A.N. arrived at school, was immediately detained and escorted to Assistant
Principal Stricklin's office by the school resource officer.

41.   A.N. was embarrassed and humiliated by this action of the school resource
officer, at the behest of the Hardin County Middle School administration.

42.   Since A.N. was detained and escorted to the office by a School Resource Officer
and required to sit in Assistant Principal Stricklin's office, she was unable to
leave, illegally detained and was confined to Assistant Principal Stricklin's office.

43.   Assistant Principal Stricklin, without performing any investigation or alerting
A.N.'s parent, began to verbally abuse, intimidate, and harass A.N. by falsely
accusing her and inappropriately condemning her and calling her many
inappropriate names including "fake, bully, coward, and pathetic" and the
Defendant shouted at the minor, telling her that he  "couldn't stand the sight of
her."

44.   The school resource officer, Assistant Principal Stricklin, and the Principal
Stephen Haffly did not search A.N.'s person, backpack, purse, or any personal
item for guns or weapons.

45.   Assistant Principal Stricklin, an authority figure, conveyed these inappropriate
comments and used forceful language towards A.N. in the confines
of his office, with no other adult present and without parental notification.

46.   Assistant Principal Stricklin abused his position of authority by falsely accusing,
bullying, intimidating, and verbally and mentally abusing A.N. while levying

unreasonable and arbitrary punishment for activities that occurred off school property.

47. Due to Assistant Principal Stricklin's close social relationship with K.N. and his employee, Wendi Nix, Principal Stricklin had personal enemies and a direct conflict of interes. He acted unreasonably and with malicious intent accusing and intimidating the minor Plaintiff and in levying punishment against her. Principal Sticklan should have recused himself from participating in the situation.

48. Defendants Principal Haffly and Assistant Principal Stricklin failed to conduct a proper investigation into the allegations against A.N. and wrongfully presumed her guilty.

49. Defendants, Principal Haffly and Assistant Principal Stricklin, did not question any of the parties involved, their parents and/or teachers, gave A.N. no opportunity for a hearing and levied the following harsh and arbitrary punishments to A.N.:

　　a.　Suspending her from school for what Defendants falsely asserted to be a "death threat,"

　　b.　Placing her in Alternative School Program for 45 days;

　　c.　Removing her from the school cheerleading squad;

　　d.　Removing her from the National Junior Honor Society, including the May 2012 trip to Washington that had already been paid for;

　　e.　Banning A.N. from  attending or participating in any events sponsored by or participated in by the Hardin County School System until 2012.

50.     This punishment was levied on false charges without a hearing, without proper investigation and notification of authorized individuals.

51.     Principal Haffly and Assistant Principal Stricklin ordered that A.N. be placed in Alternative School without conducting a disciplinary hearing or obtaining approval from the Hardin County Disciplinary Committee, as required by the Hardin County Middle School Student Handbook.

52.     The provisions in the Hardin County Board of Education policies and Hardin County Middle School Student Handbook, under which A.N. was and is being punished, are facially unconstitutional and are overbroad and vague as applied to A.N., as the policies fail to distinguish out-of-school speech from in-school expression and are not limited to student speech that causes a material and substantial disruption to the school day.

53.     The vague and overbroad policies of the Hardin County Board of Education and Hardin County Middle School Student Handbook as applied prohibit speech that is protected by the First Amendment.

54.     Defendants' punishment of AN. for her personal internet post outside of school hours and off of school property amounts to unlawful supression of constitutionally protected speech and invades her privacy.

55.     Defendants' actions in punishing A.N. directly and adversely affects her right to free and equal education, academic standing and behavioral record and was arbitrary, capricious, unlawful, willful, wanton, and malicious, and caused and continues to cause extreme and irreparable emotional injuries and other damages to A.N.

56.   A.N.'s parent, Melanie Nixon, was called after the punishment was levied by Assistant Principal Stricklin, and instructed to remove A. N. from school premises because, according to Defendants, she had been suspended for making a "death threat."

57.   The Hardin County Board of Education, acting by and through its employees, levied the harsh and arbitrary punishment upon A.N. in violation of the Hardin County Middle School Student Handbook and the Hardin County Board of Education policies and procedures.

58.   Plaintiff, Melanie Nixon, on behalf of A.N., filed a grievance against the Hardin County Middle School administration and the Defendants Haffly and Sticklin in accordance with the Hardin County Board of Education policies. The Hardin County Middle School administration and the Hardin County Board of Education failed to comply with their own policies and time limits while investigating and reviewing the Plaintiff's grievance.

59.   Plaintiff, Melanie Nixon, on behalf of A.N., filed a discrimination complaint against Assistant Principal Stacy Stricklin in accordance with the Hardin County Board of Education policies. The Hardin County Middle School administration and the Hardin County Board of Education failed to comply with their own policies while investigating and reviewing the Plaintiff's discrimination complaint.

60.   The Alternative School meets each school day and is a replacement for actual school attendance for disciplined students. It is typically reserved for students with behavior and attendance problems so severe that they are unable to function

properly in the regular classroom.

61.    As a result of placement in the Alternative School, A.N. was unable to attend
       any of her regular classes or meet with and/or speak to her teachers.

62.    As part of her punishment, A.N. attended alternative school for the
       seventh through twelfth grades for the Hardin County School System for two days
       beginning Monday, October 25, 2011.

63.    During her orientation, A.N. was informed by the Hardin County Board of
       Education's authority figures that A.N. would be one of three females in the
       alternative school, with approximately eighteen male students, the majority of
       whom were older,  high school students, and that these male students might make
       "sexual advances" towards her.

64.    On her first day of alternative school, A.N. was not provided with and, therefore,
       could not complete any schoolwork. Her sole assignment was to write the Hardin
       County Student Handbook over and over.

65.    During her first day at alternative school, older male students talked to her
       and purported to teach her about drugs, "dime bags", and sex.

66.    Though A.N. was banned from the Hardin County Middle School premises as part
       of her punishment, she was, nevertheless, bussed back to Hardin County Middle
       School with other alternative school students for physical education, where she
       was required to play basketball with the older male high school age, alternative
       school students without supervision.

67.    A.N. was embarrassed and humiliated as the middle school students, teachers, and
       coaches laughed at her and made rude comments.

68.    While playing basketball, A.N. was forcibly and inappropriately grabbed by the older male high school students with no intervention by the alternative school supervisor or any of the Hardin County Middle School supervisors or teachers present.

69.    Only after A.N. asked for help from Mr. Patton did the supervisors allow her to play basketball only with the other girls in alternative school.

70.    On her second day of alternative school, A.N. was provided schoolwork, but when she asked the alternative school advisor for help, the advisor informed her that she could not help her.

71.    On her second day of alternative school, the Hardin County Middle School guidance counselor conducted a taped interview of A.N., a minor student, on school-owned property during school hours, without parental notice or consent.

72.    When A.N. needed to use the computer at the alternative school to complete one of her assignments, she approached the computers and noticed they were all occupied. She asked the supervisor for assistance. An older male high school student overheard her request. He approached her, made a sexually suggestive remark, and told her that she "could sit on his lap." The supervisor present did nothing to protect A.N. nor did anything to prevent A.N.'s sexual harassment by the older male student.

73.    During her two days of alternative school, A.N. was not allowed to take her books and assignments home for completion or extra study.

74.    Defendants' sanctions against A.N. resulted in profound consequences. In addition to being deprived of classroom instruction, discussion and participation, A.N. fell

behind in her schoolwork and her honor student status was jeopardized.

75.   Due to the inappropriate actions acquiescence, and inactions of Defendants, A.N. was placed at risk of physical, mental, emotional and other harm if she returned to the Hardin County School System.

76.   Due to the above described institutional, school-approved sexual harassment, forced embarrassment and humiliation by her peers and teachers at Hardin County Middle School and at the alternative school, the lack of appropriately skilled supervisors and teachers for alternative school students, unfair and excessive interrogation by a Hardin County Middle School guidance counselor, and the poor learning environment, A.N. did not return to alternative school.

77.   Defendants' actions have resulted in ongoing irreparable harm to A.N. for which there is no adequate remedy at law.

78.   Defendants' unlawful punishment of A.N. for exercising her right of speech and expressive activities that took place off school premises and outside of school hours and school property and Defendants denial of basic procedural due process to A.N. also interferes with and usurps A.N.'s rights of free speech and infringes on Melanie Nixon's constitutional rights as her parent to direct the upbringing of her child.

79.   Defendants have maliciously and publicly discussed the incident described herein, making false and slanderous statements about the minor without Plaintiffs' consent. Defendants' public discussion of this incident in an untrue and false manner has negatively affected Plaintiffs' reputations, caused serious emotional and physical pain and mental suffering, and caused financial damage to Plaintiff

Melanie Nixon's small business in Hardin County.

80.  As a direct result of the wrongs committedd by Defendants, A.N. has suffered irreparable injuries including, but not limited to, mental, and emotional, physical pain and mental suffering, injury to her reputation and destruction of her right to a free and equal public education.

### III. CAUSES OF ACTION

**COUNT 1 - VIOLATION OF CONSTITUTIONAL RIGHTS**

81.  Plaintiffs hereby incorporate paragraphs 1-80 by reference as if fully set forth herein.

82.  Defendants' above action and/or omissions and their punishment of A.N. for her personal website post made outside school hours and off of school property amount to a deprivation of her right to free speech under the First Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment and pursuant to 42 U.S.C. § 1983, she is entitled to equitable and legal remedies against the Defendants.

83.  Plaintiffs aver that the Defendants' above actions, taken by each of them under color of state law, deprived Plaintiffs of their guaranteed rights to due process, property, liberty, privacy, to be free from unlawful seizure and from the taking of properties' rights and liberties without just compensation and due process of law, all in violation of the United States Constitution, Amendments 5 and 14. The Plaintiffs, therefore, have been deprived of federal statutory and constitutional rights secured by federal law pursuant to 42 U.S.C. § 1983 and are entitled to recover judgment against Defendants for compensatory and punitive damages as

deemed reasonable by a jury.

84.     Plaintiffs aver that Defendants' actions were in direct violation of Tennessee

        Education laws, Tennessee Code Annotated §49-1-101 *et. seq.*, and Tennessee

        common law.

85.     Defendants' policies and rules are unconstitutionally vague and/or overbroad, both

        facially and, as applied to A.N., violate the First Amendment to the

        United States Constitution, as applied to the states by the Fourteenth Amendment,

        entitling Plaintiffs to remedies and damage pursuant to 42 U.S.C. § 1983.

86.     Defendants' punishment of A.N. for constitutionally protected speech violates and

        interfered with, and continues to interfere with, A.N.'s due process rights under

        the Fourteenth Amendment to the U.S. Constitution entitling Plaintiffs to

        remedies and damages pursuant to 42 U.S.C. § 1983.

87.     Defendants' failure to provide A.N. with notice and fair hearing before issuing

        punishment of A.N. for constitutionally protected speech violates and interfered

        with, and continues to interfere with, A.N.'s due process rights under the

        Fourteenth Amendment to the U.S. Constitution, and pursuant to  42 U.S.C. §

        1983, Plaintiff is entitled to recover judgment against Defendants for

        compensatory damages, attorney's fees and costs.

88.     The actions of the Defendants were taken under color of state law, and therefore,

        pursuant to 42 U.S.C. § 1983, Plaintiffs are entitled to recover judgment against

        the Defendants for compensatory and punitive damages as may be determined by

        a jury, along with attorney's fees, and the costs of this cause.

## COUNT II-OUTRAGEOUS CONDUCT

89.     Plaintiffs hereby incorporate paragraphs 1-88 by reference as if fully set forth herein.

90.     Defendant Stricklin, individually and as an employee of Hardin County Board of Education, engaged in outrageous, reprehensible conduct by bullying, intimidating, and verbally and mentally abusing A.N., and levying punishment while having an inherent conflict of interest due to his position of authority over the alleged victim's mother and his close social relationship with the alleged victim.

91.     Defendant, as an authority figure over Plaintiff, A.N., used his position to his advantage to atrociously abuse A.N. beyond the bounds of human decency in a civilized society.

92.     Defendants were aware of, acquiesced in and/or condoned sexual harassment and assault against A.N. while she attended alternative school as ordered by Defendants.

93.     Defendants had notice of and yet allowed sexual harassment and assault against A.N., a minor student, while she attended alternative school. Such constitutes outrageous conduct beyond the bounds of human decency in a civilized society.

94.     Due to Defendants' outrageous conduct, Plaintiffs suffered severe mental, emotional and physical pain and suffering and other injuries against Defendants for compensatory and punitive damages in such amounts as deemed reasonable by a jury.

**COUNT III- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

95.    Plaintiffs hereby incorporate paragraphs 1-94 by reference as if fully set forth herein.

96.    Defendant Stacey Stricklin, individually and as an employee of Hardin County Board of Education, in his actions of falsely accusing, bullying, intimidating, and verbally and mentally abusing A.N. while having an inherent conflict of interest to levy punishment due to his position of authority over A.N. and his close friendship and close social relationship with the alleged victim, and her mother, caused the intentional infliction of emotional distress to A.N. Defendant, as an authoritative figure over Plaintiff, A.N., used his position to abuse A.N. beyond the bounds of human decency in a civilized society to the detriment of the Plaintiffs.

97.    Defendants had notice of and actual knowledge of sexual harassment and assault against A. N., a minor student, while she attended alternative school, yet allowed same and took no steps to protect her. Such constitutes conduct beyond the bounds of human decency in a civilized society.

98.    As a direct and proximate result of the Defendants' intentional infliction of emotional distress, Plaintiffs have suffered severe mental and emotional injuries and damages entitling them to recover judgment against Defendants for compensatory and punitive damages in such amounts as deemed reasonable by a jury.

## COUNT IV- FALSE IMPRISONMENT

99.  Plaintiffs hereby incorporate paragraphs 1-98 by reference as if fully set forth herein.

100.  Defendant Stricklin, personally and on behalf of Defendant Hardin County Board of Education, falsely imprisoned and illegally detained Plaintiff A.N. by confining Plaintiff against her will and forcing Plaintiff to endure physical and mental abuse. Plaintiff had no reasonable means of escape nor the power to stop Defendants' intentional actions.

101.  As a result of Defendants' actions in confining A.N. and restricting her freedom of movement and her access to public education under false allegations, Plaintiff, A.N., suffered severe physical and emotional injury for pretenses which she is entitled to recover compensatory and punitive damages in an amount deemed reasonable by the jury.

## COUNT V- DEFAMATION

102.  Plaintiffs hereby incorporate paragraphs 1-101 by reference as if fully set forth herein.

103.  Defendants have defamed Plaintiff A.N. by publicly falsely accusing her of crimes and have without Plaintiffs' consent, invaded Plaintiff's privacy by publicly discussing what were required to be confidential matters publicly, casting Plaintiffs in a flase light, holding Plaintiffs up to public ridicule, all based on false and malicious charges. Such action by Defendants have damaged Plaintiffs' reputation and caused serious emotional, mental and financial damage to Plaintiffs, including causing A.N. to have to move to another school, in another

state, and causing a negative financial impact on Melanie Nixon's small business in Hardin County.

104.   As the direct and proximate results of Defendants' actions, Plaintiffs are entitled to recover judgment against Defendants for compensatory and punitive damages in an amount deemed reasonable by the jury.

## COUNT VI- FOURTEENTH AMENDMENT DUE PROCESS- MS. NIXON's PARENTAL RIGHTS

105.   Plaintiffs hereby incorporate paragraphs 1-104 by reference as if fully set forth herein.

106.   Defendants' punishment of A.N. for constitutionally protected speech interfered with, and continues to interfere with, Ms. Nixon's right as parent to determine how best to raise, nurture, discipline and educate her child in violation of her rights under the Fourteenth Amendment to the U. S. Constitution and 42 U.S.C. § 1983.  Due to Defendants' actions, Plaintiff Melanie Nixon has suffered severe physical, emotional, and financial injury for which she is entitled to recover judgment against Defendants for compensatory and punitive damages in an amount deemed reasonable by the jury.

## COUNT VII- BREACH OF DUTY TO PROVIDE EDUCATION

107.   Plaintiffs hereby incorporate paragraphs 1-104 by reference as if fully set forth herein.

108.   Defendants owed a duty of care, pursuant to Tennessee Code Annotated §49-1-101 *et. seq*, to Plaintiffs to provide educational services to A.N. Defendants breached this duty of care by committing the above actions. As a direct and

proximate result, Plaintiffs have suffered severe emotional and physical pain and suffering and injury to their reputations.

109.   Defendants Hardin County Board of Education and John Thomas exercised exclusive control and responsibility over Defendants Haffly and Stricklin as Hardin County Middle School Administration.

110.   Defendants owed a duty of care to Plaintiffs to provide educational services in a professional and appropriate manner. Defendants negligently breached this duty of care by excessively punishing A.N. for constitutionally-protected online posts outside of school hours and off of school property without due process. Due to Defendants' negligent breach of this duty of care, Plaintiffs have suffered severe emotional and physical pain and suffering and injury to their reputations.

111.   Defendants have an ongoing duty to ensure the safety and well being of A.N., and to provide her with a safe environment where she can learn. Defendants breached this duty by their actions, and as a result, traumatized and emotionally affected A.N. by allowing older high school students to make untoward physical advances toward her. Defendants had exclusive control over A.N.'s education. But for the Defendants' actions and omissions, Plaintiffs would not have endured these injuries absent Defendants' wrongful acts. As the direct and proximate result of the actions of Defendants as described above,  Plaintiffs have suffered severe emotional and physical pain and suffering and injury to their reputations for which they are entitled to recover judgement against Defendants for compensatory and punitive damages in an amount deemed reasonable by the jury.

**COUNT VIII- NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION**

112.    Plaintiffs hereby incorporate paragraphs 1-111 by reference as if fully set forth

herein.

113.    Defendants Hardin County Board of Education, John Thomas, and Haffly

negligently breached their duty of care to adequately supervise, hire, train and

retain their employee Stricklin since Stricklin bullied, intimidated, and verbally

and mentally abused A.N., had an inherent conflict of interest due to his

position of authority over the alleged victim's mother and his close social

relationship with the alleged victim, and did not properly investigate and

appropriately punish students involved herein. Due to Defendants Hardin County

Board of Education, John Thomas, and Haffly's negligent breach of this duty of

care for supervision, hiring, training, and retention of its employee, Plaintiffs have

suffered severe emotional and physical pain and suffering and injury to their

reputations.

114.    Defendants Hardin County Board of Education, John Thomas, and Haffly are

negligent and as a direct and proximate result, the Plaintiffs suffered severe

physical, mental, and emotional injuries due to the negligent supervisory actions

of Defendants

**COUNT IX- EIGHTH AMENDMENT TO THE U.S. CONSTITUTION- EXCESSIVE**

**AND ARBITRARY PUNISHMENT**

115.    Plaintiffs hereby incorporate paragraphs 1-114 by reference as if fully set forth

herein.

116.    Defendants' excessive and arbitrary punishment of A.N. without proper

investigation, applied unequally to all individuals involved, and in violation of precedent for similar activities in school settings, violates and interfered with, and continues to interfere with, A.N.'s rights to be free from excessive and arbitrary punishment under the Eighth Amendment to the U. S. Constitution and 42 U.S.C. § 1983.  Due to Defendants' actions Plaintiff, A.N., has suffered severe physical and emotional injury.

## XI. JURY DEMAND

117.   Plaintiffs demand a jury of twelve to hear this case.

## XII. DAMAGES

118.   Plaintiffs allege that, as a direct and proximate result of the above acts, they were caused to suffer and incur the following injuries and damages, including, but not limited to:

    a.     Severe mental and emotional distress and injuries;

    b.     Medical expenses, past, present and future;

    c.     Past, present and future therapy;

    d.     Physical pain and mental anguish, both past, present and future;

    e.     Loss of enjoyment of life;

    f.     Loss of wages and negatively affected future earning capacity; and

    g.     Pain and suffering.

As a result of the intentional, reckless actions of Defendants, Plaintiffs further aver that they are entitled to punitive damages to deter the Defendants and other entities and persons from any further similar conduct.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, YOUR PLAINTIFFS PRAY:

1.    That proper process be issued and served upon the Defendants, requiring the

Defendants to appear and answer this Complaint within the time required by law;

2.    The expungement from A.N. Nixon's school records of all references to the

incident in question;

3.    That compensatory damages in an amount not to exceed one million

($1,000,000.00) dollars be awarded to Plaintiffs against each Defendant for

injuries; pain and suffering; physical pain and emotional distress and mental

anguish; past, present and future medical expenses; past, present and future

therapy; wage and future earning capacity and the loss of the general enjoyment of

life;

4.    That the Court award the Plaintiffs punitive damages in an amount not to exceed

three Million Dollars ($3,000,000.00) or such other amount as the jury deems

appropriate and necessary to punish the Defendants for their intentional, reckless,

and outrageous conduct and actions and to deter the Defendants from engaging in

similar conduct in the future against other minor students and their families;

5.    That the Plaintiffs be allowed to amend the *ad damnum*; and reserve the right to

amend this Complaint;

6.    That court costs, attorney fees, and pre and post judgment interest be awarded to

Plaintiffs and against Defendants pursuant to 42 U.S.C. § 1988 or other relevant

law; and

7.    That Plaintiffs be awarded such other general and specific relief to

which the Plaintiffs may justly be entitled.

RESPECTFULLY SUBMITTED this the 30th day of May , 2012.

LAW OFFICE OF J. HOUSTON GORDON
BY:____s/ William A. Wooten_____
WILLIAM A. WOOTEN (#026674)
J. HOUSTON GORDON (#07523)
AMBER GRIFFIN SHAW (#026337)
Attorneys for Plaintiffs
P. O. Box 846
Suite 300, Hotel Lindo Bldg.
114 W. Liberty Avenue
Covington, TN 38019-0846
(901) 476-71 OO/Telephone
(901) 476-3537/Facsimile

     We acknowledge ourselves as sureties for the costs of this cause not to exceed One

Thousand Dollars ($1,000.00).

_____s/ William A. Wooten_____

LAW OFFICE OF J. HOUSTON GORDON