IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MELANIE NIXON, individually and as
parent and next friend of the minor child,
A.N.,

    Plaintiff,

v.                                         No. 12-1125

HARDIN COUNTY BOARD OF EDUCATION,
*et al.*,

    Defendants.

---

ORDER CERTIFYING QUESTION FOR INTERLOCUTORY APPEAL,
AMENDING D.E. 39 AND STAYING CASE PENDING RULING
OF THE APPELLATE COURT

---

In an order entered December 27, 2013, this Court granted in part and denied in part the motion of the Defendants, the Hardin County, Tennessee Board of Education; John Thomas; Stephen Haffly and Stacy Stricklin, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (D.E. 39.) Specifically, summary judgment was denied as to the claims of the Plaintiff, Melanie Nixon, individually and as parent and next friend of the minor child, A.N., under the First Amendment and granted on the remaining claims. On January 6, 2014, the Defendants moved for amendment of the Court's December 27 order, certification for interlocutory review by the Sixth Circuit Court of Appeals on the question of whether they unlawfully restricted A.N.'s rights under the First Amendment, and a stay of this matter pending such review. (D.E. 40.) On January 13, 2014, the Court entered an order indicating that such an order would be entered. (D.E. 41.)

In seeking certification, which Plaintiff does not oppose, the Defendants cite to 28 U.S.C.

§ 1292(b), which provides as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

"Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals. Once such a certification occurs, the court of appeals may in its discretion accept the certification -- and appeal." Thompson v. Bruister & Assocs., Inc., No. 3:07-00412, 2013 WL 5428747, at *1 (M.D. Tenn. Sept. 27, 2013) (internal citations & quotation marks omitted).

Review under § 1292(b) is appropriate if "(1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." In re City of Memphis, 293 F.3d 345, 350 (6th Cir. 2002). "A legal issue is controlling if it could materially affect the outcome of the case." Id. at 351. As the Sixth Circuit's resolution of the question at hand could clearly affect the outcome of the case, the low bar set for the first element has been satisfied. *See* Newsome v. Young Supply Co., 873 F. Supp. 2d 872, 875-76 (E.D. Mich. 2012) (noting that "the Sixth Circuit has . . . set a low bar for a determination that a question of law is 'controlling' in the context of a motion for certification under § 1292(b)").

Courts have interpreted the "substantial ground for difference of opinion . . . regarding the correctness of the decision" to mean when

(1) the question is difficult, novel and either a question on which there is little

2

>   precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question.

In re Miedzianowski, 735 F.3d 383, 384 (6th Cir. 2013).  As noted by the Court in its December 27 order, neither the United States Supreme Court nor the Sixth Circuit has addressed the First Amendment issue raised in this case.  The Court finds that the question is difficult and one of first impression for this Circuit.  Therefore, a substantial ground for difference of opinion exists regarding the correctness of the Court's decision.

As to the third element, "an interlocutory appeal is favored where reversal would substantially alter the course of the district court proceedings or relieve the parties of significant burdens and expense."  Neff v. U.S. Xpress, Inc., No. 2:10-cv-948, 2013 WL 5947177, at *3 (S.D. Ohio Nov. 6, 2013) (citing W. Tenn. Chapter of Associated Builders & Contractors, Inc. v. City of Memphis, 138 F. Supp. 2d 1015, 1026 (W.D. Tenn. 2000)).  "The requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law."  Newsome, 873 F. Supp. 2d at 878.  Because a ruling by the Sixth Circuit in Defendant's favor could render a trial unnecessary, the Court finds that this element has also been satisfied.

For the reasons set forth herein, the Court's December 27, 2013 order is CERTIFIED for interlocutory appeal and the order is AMENDED accordingly.  Further, this matter is STAYED pending any appeal of the December 27 order and the resolution thereof.

IT IS SO ORDERED this 30th day of January 2014.

                                                    s/ J. DANIEL BREEN
                                                    CHIEF UNITED STATES DISTRICT JUDGE